

FILED
JUN 11 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Tyler Howard Graening**
c/o McDowell County Correctional Center
795 Virginia Ave
Welch, WV 24801,

               Plaintiff,

V.

**Wexford Health Services**
501 Holiday Drive
Foster Plaza Four
Pittsburgh, PA 15220,

**West Virginia Division of Corrections and Rehabilitation**
1409 Greenbrier St.
Charleston, WV 25311,

**Dr. Oscar Garcia, MD – Senior Resident Healthcare Provider**
Wexford Health Services – Stevens Correctional Center
795 Virginia Ave
Welch, WV 24801,

**Tara Morgan, R.N., B.S.N. - Health Services Administrator**
Wexford Health Services - Stevens Correctional Center
795 Virginia Ave
Welch, WV 24801,

**Randall Mutter, Interim Superintendent**
Stevens Correctional Center
795 Virginia Ave
Welch, WV 24801,

               Defendants,

**Complaint**

Civil Action No. 1:20-cv-00400

## Complaint

### I. Previous Lawsuits

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?    **_No_**

**II. Place of Present Confinement:** <u>Stevens Correctional Center</u>

    A. Is there a prisoner grievance procedure in this institution? <u>*Yes*</u>

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? <u>*Yes*</u>

    C. If your answer is YES:

        1. What steps did you take? <u>*I first made a request to medical for services. After medical did not take appropriate or any action I filed the grievance with medical. I appealed that decision to the Superintendent. I then appealed that decision to the Commissioner of Corrections. I did this two (2) times.*</u>

        2. What was the result? <u>*The first time the result was grievance was denied and I was simply told to keep submitting health-service requests. The second result was that the Commissioner's Office and/or the DCR Director of Inmate Health Services ordered that I be seen by a specialist. (That order has not been obeyed).*</u>

**III. Parties**

    A. Name of Plaintiff: <u>*Tyler Howard Graening #3641731*</u>

    Address: <u>*795 Virginia Ave Welch, WV 24801*</u>

    B. Additional Plaintiffs? <u>*NO*</u>

    C. Defendants:

**Wexford Health Services**
501 Holiday Drive
Foster Plaza Four
Pittsburgh, PA 15220,

**West Virginia Division of Corrections and Rehabilitation**
1409 Greenbrier St.
Charleston, WV 25311,

**Dr. Oscar Garcia, MD – Senior Resident Healthcare Provider**
Wexford Health Services – Stevens Correctional Center
795 Virginia Ave
Welch, WV 24801,

**Tara Morgan, R.N., B.S.N. - Health Services Administrator**
Wexford Health Services - Stevens Correctional Center
795 Virginia Ave

Welch, WV 24801,

**Randall Mutter, Interim Superintendent**
Stevens Correctional Center
795 Virginia Ave
Welch, WV 24801,

## IV. Statement of Claim

At all times pertinent to his claim, Plaintiff was in the care and custody of the WV Division of Correction and Rehabilitation and, specifically, in the care and custody of the Warden/Superintendent of the Stevens Correctional Center. At all times pertinent to his claim, Wexford Health Services was contracted by the State to provide health services to inmates at the Stevens and McDowell County facilities.

In September 2019, the Plaintiff began experiencing pain in his ear, ringing, vertigo and hearing loss. He placed a Health Service Request (HSR) with medical staff and was referred to see the doctor. The doctor suspected an ear infection and prescribed antibiotics. After approximately 10 days, the Plaintiff placed another HSR noting that his symptoms had not improved. At the subsequent follow-up, the doctor changed the oral antibiotic and placed him on another medication, an ear drop, Neomycin. Once again, the Plaintiff waited approximately 10 days and then submitted an HSR noting that he was still experiencing pain, vertigo and hearing loss. The doctor evaluated the Plaintiff again and extended the prior medications. Thereafter, the Plaintiff experienced no lessening in the symptoms and, therefore, filed a fourth HSR. This time, the doctor prescribed a medication for the vertigo, Antivert, and extended the prior antibiotics. This treatment was as ineffective as the prior treatments. Therefore, the Plaintiff continued to submit HSRs and continued to inform the doctor that the prescribed medications were not working. By late October, it became apparent that Plaintiff's symptoms were worsening—the bouts of vertigo were more frequent, the pain more severe and the hearing loss more noticeable. In October, 2019, during a Doctor's Call, Plaintiff inquired about the possibility of seeing an Ear, Nose and Throat Specialist. The doctor's assistant, Nurse Randall New, stated that, "Wexford Health is not approving any specialist appointments unless the inmate was dead or dying." The doctor, Dr. Oscar Garcia, did not dispute this statement. He did not refer Plaintiff to an Ear, Nose and Throat Specialist.

Based upon information and belief, Plaintiff believes that Wexford does indeed have a *de facto* policy of denying requests for outside treatment—regardless of whether those requests are made by an inmate or by the on-site physician. Wexford denies all such requests at least until a grievance is filed—and sometimes even after a grievance is filed. Wexford's *de facto* policy is one of delay: delay until the inmate builds a record, delay until he makes parole or transfers, delay, delay, delay.

The Plaintiff filed a Grievance with the Unit Manager, Grady Thomas, on October 31, 2019, explaining that his symptoms were worsening and requesting to be seen by an Ear, Nose, And Throat Specialist. Mr. Thomas referred that Grievance to the Health Services Administrator, Tara Morgan on that day. Ms. Morgan responded that "outside appointments must be referred to by the doctor. Please place a sick call if you are having symptoms." This response was received on November 5, 2019. Plaintiff appealed that decision to the Warden (now "Superintendent") on November 11, 2019. Interim Superintendent Randall Mutter responded " Affirm Unit and/or

deny Grievance" on November 19, 2019. Plaintiff appealed that decision to the Commissioner of Corrections on the following day and, to date, has not received a response.

On March 10, 2020—after having submitted more HSRs concerning his ear—the Plaintiff filed another grievance with the Unit Manager, Grady Thomas. In this Grievance Plaintiff, once again, noted the severe pain and hearing loss and the refusal by the doctor and/or Wexford to send Plaintiff to a specialist. (Plaintiff was no longer receiving any treatment for his symptoms).

On March 16, 2020, Ms. Morgan responded to the grievance, "I will get with Dr. Garcia and see if that would be in his treatment plan. Those orders have to come from him". Plaintiff timely appealed that response to the Interim Superintendent Randall Mutter. Mr. Mutter responded " Affirm Unit and/or Deny Grievance." Plaintiff timely appealed that decision to the Commissioner of Corrections. On April 8, 2020, the D.C.R.' s Director of Correctional Healthcare answered the appeal and recommended that Plaintiff "be referred to an Ear, Nose and Throat clinic for treatment."

To date, Plaintiff has not been transported to a specialist. To date, the Defendants have known about Plaintiff's condition for more than nine (9) months and, further, known for seven (7) months that Dr. Garcia's treatment of the condition has been ineffective.

## V. Relief

The plaintiff requests compensatory relief in the amount of $100,000 against each of the non-corporate Defendants in their individual capacity. The plaintiff requests punitive relief in the amount of $1,000,000 against the corporation Wexford Health Services. The plaintiff also requests injunctive relief ordering the Division of Corrections and Rehabilitation to bring the inmate to an Ear, Nose, and Throat specialist and, thereafter, follow the treatment recommendations of that specialist.

## VI. Counsel

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name: **_NONE_**

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action? **_YES_**

If so, please sate the name and address of each lawyer contacted: **_Paul Stroebel of Stroebel and Stroebel P.O. Box 2582 Charleston, WV 25329_**

C. Have you previously had a lawyer representing you in a civil action in this court? _NO_

Signed this 18th day of May, 2020.

Respectfully submitted,

Tyler Howard Graening

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/18/2020

Tyler Howard Graening
Plaintiff

Page 5 of 5

Tyler Howard Graening #3641731
McDowell County Correctional Center
795 Virginia Ave.
Welch, WV 24801


Clerk of the Court
United States District Court
Southern District of West Virginia
Room 1000
601 Federal St.
Bluefield, WV 24701



To the Clerk of the Court,

    Please find enclosed a prisoner petition for a §1983 civil rights complaint claim, an Authorization to Release Institutional Account Information, and an Application to proceed without prepayment of costs and fees.

    Please send all related correspondence to the name and address noted above.

    Thank you for your time and considerations in this matter.

                                                            Sincerely,

                                                            Tyler Howard Graening

Tyler Howard Graening #3641731
McDowell County Correctional Center
50 Court St.
Welch, WV 24801



"Legal Documents Enclosed"

"Privileged mail"
"Legal Documents Enclosed"