```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

TYLER HOWARD GRAENING

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00400

WEXFORD HEALTH SERVICES, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the motion of defendant West Virginia Department of Corrections ("WVDOC") to dismiss under Federal Rule of Civil Procedure 12(b)(5) for lack of proper service of process.  (ECF No. 15.)  For the reasons that follow, the court will construe this as a motion to quash the service of summons and grant the motion as so construed.

**I.  Background**

Plaintiff, a state prisoner, commenced this § 1983 action on June 11, 2020.  He alleges that defendants have been deliberately indifferent to his medical needs in violation of the Eighth Amendment.

On June 25, 2020, after completing an initial screening of plaintiff's complaint, Magistrate Judge Aboulhosn granted plaintiff's application to proceed without prepayment of fees and ordered the Clerk to serve process on defendants.  The Clerk

sent WVDOC a copy of the summons and complaint by certified mail to 1409 Greenbrier St., Charleston, WV 25311, which appears to be the address of WVDOC headquarters. WVDOC received this process on June 29, 2020.

On July 21, 2020, WVDOC filed this motion, arguing that the manner of service did not comport with Federal Rule of Civil Procedure 4, and seeking dismissal pursuant to Rule 12(b)(5). Specifically, WVDOC says that process was not delivered to a "chief executor [sic] officer," under Rule 4(j)(2)(A), nor served in the manner prescribed by West Virginia law under Rule (4)(j)(2)(B). (ECF No. 16, at 2.) On August 19, 2020, plaintiff obtained counsel, but at the time WVDOC filed this motion, plaintiff was still proceeding pro se and *in forma pauperis*. Plaintiff has not filed an opposition to this motion.

**II. Discussion**

It appears that the manner of service upon WVDOC was improper. The appropriate remedy is to quash service as to WVDOC.

Federal Rule of Civil Procedure 4(j)(2) states as follows:

> State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)  delivering a copy of the summons and of the complaint to its chief executive officer; or

>    (B)   serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

The court will assume that sending by certified mail a copy of the summons and complaint to WVDOC headquarters does not constitute "delivery" to WVDOC's "chief executive officer" under option A.

Option B incorporates state law regarding service. West Virginia's version of Rule 4 does not specify how to serve the state. See W. Va. R. Civ. P. 4. Thus, WVDOC appears to be correct that West Virginia Code § 55-17-3(a)(3) applies, which provides that "[a] copy of any complaint filed in an action as defined in section two of this article shall be served on the Attorney General." The referenced definition from "section two" is as follows:

> "Action" means a proceeding instituted against a governmental agency in a circuit court or in the Supreme Court of Appeals, except actions instituted pursuant to statutory provisions that authorize a specific procedure for appeal or similar method of obtaining relief from the ruling of an administrative agency and actions instituted to appeal or otherwise seek relief from a criminal conviction, including, but not limited to, actions to obtain habeas corpus relief.

W. Va. Code § 55-17-2. Although this case is not an "action" because it was filed in federal court, it would appear that service on the attorney general is nonetheless

"the manner prescribed by [West Virginia's] law" for service under Rule 4(j)(2)(B).[1]

The problem with WVDOC's request for <u>dismissal</u> is that plaintiff was acting pro se and *in forma pauperis* at the relevant time. Thus, to dismiss WVDOC based on the technical foul in service that WVDOC identifies would not be in the interests of justice and would punish plaintiff for an "error not of his own making." <u>See</u> <u>Coulibaly v. Kerry</u>, 130 F. Supp. 3d 140, 150 (D.D.C. 2015).

The court has discretion to treat WVDOC's 12(b)(5) motion as a motion to quash service. <u>See</u> <u>McCoy v. Norfolk S. Ry. Co.</u>, 858 F. Supp. 2d 639, 653 (S.D.W. Va. 2012) ("Although Norfolk Southern Corporation urges the court to dismiss it from this action, the court finds the appropriate remedy under the circumstances to be to quash the service of process upon Norfolk Southern Corporation."); <u>Umbenhauer v. Woog</u>, 969 F.2d 25, 30 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash

---

[1] WVDOC does not argue, and the court's ruling does not imply, that the pre-filing notice requirements in West Virginia Code § 55-17-3(a)(1) and (2) would also need to be met to satisfy Rule 4(j)(2)(B).

4

service of process.  However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.  In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.").  The court will exercise its discretion to quash the defective service.  Now that plaintiff has counsel, the duty to effectuate proper service of the summons and complaint should fall to plaintiff, not to the Clerk.

### III. Conclusion

For the reasons stated above, the court construes WVDOC's motion (ECF No. 15) as a motion to quash, **GRANTS** it as so construed, and **ORDERS** that service upon WVDOC is quashed.  The court directs plaintiff to serve WVDOC in accordance with Rule 4(j) and enlarges the time to serve under Rule 4(m) until March 31, 2021.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 11th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge