```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

TYLER HOWARD GRAENING,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00400

WEXFORD HEALTH SERVICES,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the parties' joint motion to amend the scheduling order. (ECF No. 51.) The motion does not state how much additional time is needed to complete discovery and move the case along. The motion does however, present good cause for a continuance. Accordingly, the motion is **GRANTED**, and it is hereby **ORDERED** as follows:

1. **Discovery**. The parties shall complete all discovery requests by **December 20, 2021,** and all depositions by **January 3, 2022**. The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Fed. R. Civ. P. 26(a)(1), and (2), but not disclosures required by Fed. R. Civ. P. 26(a)(3).

Additionally, all objections, motions to compel, and all other motions and replies relating to discovery in this action must be filed in time for the party objecting or responding to

have an opportunity under the Federal Rules of Civil Procedure and the Local Rules to make responses by the discovery completion date.  Parties have a continuing obligation to supplement their responses beyond the discovery cutoff date, as provided in Fed. R. Civ. P. 26(3).  The limitations on discovery (numbers of interrogatories and depositions and length of depositions) set forth in Fed. R. Civ. P. 30 and 33 shall govern this case, but are subject to change pursuant to the agreements of the parties and to Order of the Court pursuant to L. R. Civ. P. 26.1(c) and Fed. R. Civ. P. 26(b)(2)(A).

    2.    **Expert witnesses.**  The party bearing the burden of proof on an issue shall make the disclosures of information required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **November 2, 2021.**  The party not bearing the burden of proof on an issue shall make the disclosures required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than December 2, 2021.  All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than **December 20, 2021.**

    3.    **Summary Judgment and other dispositive motions.**  All dispositive motions, except those under Fed. R. Civ. P. 12(b), together with depositions, admissions, documents, affidavits or

other such matter in support thereof, shall be filed and served by **January 24, 2022,** with responses and replies due thereafter in accordance with the Local Rules. Any motion must be supported by a memorandum of law at the time filed or submitted. If any motion, memorandum in support, response, or reply, inclusive of all attachments, exceeds fifty (50) pages in length, a hard copy of such materials shall be submitted at the time of filing.

    4. **Mediation**. Any mediation scheduled by the parties must be concluded by **February 2, 2022.** Pursuant to L. R. Civ. P. 16.6.2, the parties may (a) request the assigned judicial officer to appoint a mediator pursuant to the provisions of Local Rule 16.6.2, or (b) request the assigned judicial officer to refer the case to a Magistrate Judge for mediation, or (c) select a mediator from the list compiled and maintained by the West Virginia State Bar and advise the assigned judicial officer of that selection not later than seven days before the date set for mediation.

    5. **Settlement meeting and Rule 26(a)(3) disclosures.**

    **(a) Settlement meeting.** No later than **April 8, 2022,** parties and their counsel shall meet to conduct settlement negotiations. Lead trial counsel for Plaintiff shall take the initiative in scheduling such meeting, all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. Counsel and unrepresented parties must be prepared

at the pretrial conference to certify that they tried in their meeting to settle the case.

 **(b) Rule 26(a)(3) disclosures.**  If the case is not settled at the meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the meeting.

 6. **Motions in limine.**  All motions in limine shall be filed and served by **April 15, 2022**, with responses due by **April 22, 2022**.

 7. **Proposed integrated pretrial order.**  Plaintiff will submit its portion of the pretrial order to defendants no later than **April 15, 2022**.  The parties shall prepare and file a proposed integrated pretrial order no later than **April 18, 2022**. The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Rule 16.7(b).

 8. **Pretrial conference.**  A final pretrial conference shall be held at 2:30 p.m. on **May 9, 2022**, in Bluefield, at which unrepresented parties and lead trial counsel for represented parties shall appear, fully prepared to discuss all aspects of the case.  Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

9. **Pretrial order.** Following the pretrial conference, the judicial officer shall enter a final pretrial order, which shall be modified only to prevent manifest injustice.

10. **Proposed charge to the jury.** The original and one copy of proposed jury instructions, numbered and in charge form, on substantive theories of recovery or defense, on damages, and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, requested by counsel for submission to the jury, together with a verdict form, shall be exchanged by counsel and then submitted to the presiding judicial officer by **May 4, 2022.** On that same date the proposed jury instructions and verdict form shall also be submitted to the presiding judicial officer on compact disc

11. **Final settlement conference.** A final settlement conference, attended by all unrepresented parties and by lead trial counsel for each represented party, shall be held at 10:30 a.m., on **May 16, 2022,** in Bluefield. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

12. **Trial.** Trial of this action shall be held at 9:30 a.m. on **May 17, 2022,** in Bluefield.

13. **Failure to appear or negotiate.** At least one of the attorneys for each party and all unrepresented parties participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and

admissions on all matters that the participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failures and lack of preparation specified in Rule 16(f) respecting pretrial conferences or orders.

The Clerk is directed to send a copy of this Order to counsel of record.

**IT IS SO ORDERED** this 22nd day of September, 2021.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge