```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

TYLER HOWARD GRAENING

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:20-00400

WEXFORD HEALTH SOURCES, INC.,

    Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

Pending before the court are (1) defendant's motion to file various exhibits under seal and (2) amended motion to file various exhibits under seal. (ECF Nos. 55, 60.) The exhibits at issue are Exhibits 1, 3, 4, and 5 to defendant's motion for summary judgment (ECF No. 56).[1] They contain plaintiff's medical records. For the reasons that follow, the court will grant the amended motion and order that the exhibits be filed under seal.[2]

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014). This right rests upon both

---

[1] These exhibits, however, are filed as exhibits to ECF No. 60. Defendant's numbering of the exhibits is confusing as it attaches certain exhibits to its motion for summary judgment that are not to be sealed but show up on CM/ECF as Exhibits 1-5.

[2] Because the amended motion supersedes the original motion, the original motion (ECF No. 55) is **DENIED** as moot.

the common law and the Constitution (the First Amendment).  Id. The constitutional right covers fewer court records but is stronger where it applies.  Id.  It applies to documents supporting a motion for summary judgment.  Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case.").

Under the First Amendment test for sealing court records, a compelling government interest must justify sealing the records and the denial of public access must be narrowly tailored to serve that interest.  Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir. 1988).  Procedurally, the court also must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

First, notice and an opportunity to object has been provided to the public by virtue of the public's access to defendant's motion on the court's electronic case filing system since January 24, 2022.

As to the second and third requirements, there is sometimes a compelling interest in protecting health information.  See Bureau of Nat. Affs. v. Chase, No. CIV.A. ELH-11-1641, 2012 WL 3065352, at *2 (D. Md. July 25, 2012); Moore v. Washington Hosp. Ctr., No. CIV.A. DKC 11-3742, 2012 WL 2915165, at *7 (D. Md. July 16, 2012).  Overbroad requests to seal health information, however, are disfavored.  See id.  That plaintiff is an incarcerated individual who is unable to select his healthcare providers, and therefore has less control over the content of his medical records, may tend to make the interest stronger.  Furthermore, as an incarcerated person, plaintiff must employ a specific, compulsory process to seek medical attention, and the records of his requests are attached as exhibits.  On the other hand, plaintiff has put his health information at issue by filing this case and thereby gives up some interest in the privacy of his medical history.

The court is tasked with weighing the competing interests of the public and the plaintiff.  See Doe, 749 F.3d at 266.  The public's interest in the exhibits here appears to be very low.  The court finds that the public's right of access to the exhibits here is substantially outweighed by plaintiff's compelling interest in protecting his sensitive health information.  The request is not overbroad.  The court has considered less drastic alternatives to sealing the documents

3

and concludes that sealing the exhibits at issue is the best approach to balancing the competing interests at stake.[3]

Accordingly, the amended motion (ECF No. 60) is **GRANTED,** and the exhibits attached thereto are **ORDERED** filed under seal. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 11th day of February, 2022.

ENTER:

David A. Faber
Senior United States District Judge

---

[3] Redaction would be possible but not feasible here because a large portion of the exhibits would likely be redacted and because the balancing of the interests at stake does not compel a line-by-line analysis of what is sensitive health information and what is not. Furthermore, much of the unredacted portions of the records would likely be irrelevant to the issues in this case.

4